IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CR 521 |
| vs. | ) | Hon. Suzanne B. Conlon |
| | ) | |
| RAUL GALLEGOS ROJAS, | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

TO:   Lela Johnson
   Assistant United States Attorney
   219 S. Dearborn St., 5th Floor
   Chicago, IL 60604

Please take notice that on this 18th day of August, 2008, the undersigned filed the following document(s) in the above-captioned cause, a copy of which is attached hereto.

   DEFENDANT GALLEGOS ROJAS'S MOTION FOR IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE

                              FEDERAL DEFENDER PROGRAM
                              Terence F. MacCarthy
                              Executive Director

                              By:   s/ Beth W. Gaus
                                 Beth W. Gaus

BETH W. GAUS
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, IL  60603
(312) 621-8342

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 cr 521 |
| v. ) | |
| ) | Judge Conlon |
| RAUL GALLEGOS ROJAS, et al. ) | |
| ) | |

DEFENDANT GALLEGOS ROJAS'S MOTION FOR
IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE

    Defendant RAUL GALLEGOS ROJAS, by the Federal Defender Program and its attorney, BETH W. GAUS, pursuant to Rule l6(a)(1) of the Federal Rules of Criminal Procedure and the principles enunciated in <u>Brady v. Maryland</u>, 373 U.S. 83 (l963) and <u>Giglio v. United States</u>, 427 U.S. 97 (l976), moves this Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence should have been or may become known, which is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or which bears upon the credibility of a government witness, or which consists of documents or tangible objects that are material to the preparation of the defense or are intended for use by the government as evidence at trial.  The information requested includes, but is not limited to, the following:

    1.    Any information that might reflect negatively on the credibility of anyone who the government might call as a witness in this case.  This would include (but is not limited to) the criminal histories of any informants or agents, and any and all records of internal investigations,

charges, suspensions, or any other disciplinary actions taken against any agent, officer, or expert witness who may be testifying in this case. Also included in this category would be any NCIC, PSR, pretrial or probation special reports alleging violations (particularly involving dishonesty or failure to disclose material information) pertaining to any informant or cooperating individual in this case. Also contemplated would be any proffer statements of any cooperating individual whom admits wrongdoing of any kind, charged or uncharged.

2. Any information or reports provided by any witnesses, either orally or in writing, who in any way suggest that 1) Raul Gallegos Rojas did not commit any of the charged offenses, 2) Mr. Gallegos Rojas's fingerprints were not found on any of the drugs or money that may have been involved in the alleged transactions, 3) Mr. Gallegos Rojas was not present for any of the alleged transactions, 4) Mr. Gallegos Rojas did not know of the existence and/or amount of the alleged drugs and money that may have been transported in any of the subject vehicle(s), 5) Mr. Gallegos Rojas did not know of, own, or control any drugs and/or money that may have been involved in any of the alleged transactions, 6) any other person had control or ownership over any drugs and/or money that may have been involved in any of the alleged transactions. Defendant asserts that any such information possessed by the prosecutor's office or any governmental entity is information favorable to the defendant and therefore would fall within the scope of <u>Brady</u>.

3. Any information concerning any agreements, benefits, or potential benefits whatsoever made or discussed with any informants who provided information that may be used at trial or was material to the investigation and/or indictment of this case. Specifically contemplated are any proffer letters, plea agreements, cash payments, charges that are being deferred pending this cooperation, or any other agreements or benefits given to any informant or cooperating

witness in this case.

4. Any information or reports concerning any contacts with witnesses, including agents, suggesting that they no longer recall or do not recall with clarity the events related to this case.

5. Any information or reports concerning physical evidence that has been lost, discarded, or deteriorated, or any witnesses who have died or otherwise become incapacitated since the time of the alleged events in this case.

6. Any information possessed by the government or any of its agents concerning any informant(s) in this case, whether the government intends to call them as a witness or not, suggesting that the informant(s) had either a personal or economic incentive to provide information concerning the defendant or to see that he winds up in prison. Specifically contemplated would be information about any 1) family or romantic entanglements; 2) gang rivalries; and/or 3) past disagreements or disputes, including those involving third parties.

7. In compliance with Local Rule 16.1, a 16.1 conference was held in this case, by letters between defense counsel and Assistant United States Attorney Lela Johnson. The government has acknowledged its general and continuing duty to disclose any exculpatory material in this case. To the extent that this motion requests materials that either have already been provided or that the government denies any knowledge of, this motion should be treated as a standing request for any future exculpatory materials that may arise, and for the government to continue to exercise due diligence to locate any such materials that may be in the files of law enforcement agencies.

        Respectfully submitted,

        FEDERAL DEFENDER PROGRAM
        Terence F. MacCarthy
        Executive Director


        By:  s/ Beth W. Gaus
             Beth W. Gaus



BETH W. GAUS
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL  60603
(312) 621-8342

## CERTIFICATE OF SERVICE

     The undersigned, Beth W. Gaus , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT GALLEGOS ROJAS'S MOTION FOR IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on August 18, 2008, to counsel/parties that are non-ECF filers.

By:    s/*Beth W. Gaus*
         Beth W. Gaus
         FEDERAL DEFENDER PROGRAM
         55 E. Monroe St., Suite 2800
         Chicago, Illinois 60603
         (312) 621-8342